Filed 4/3/13  In re Jasmine V. CA2/6

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

### IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

### SECOND APPELLATE DISTRICT

### DIVISION SIX

| | |
|---|---|
| In re JASMINE V., a Person Coming Under the Juvenile Court Law. | 2d Juv. No. B242905 (Super. Ct. No. J067367) (Ventura County) |
| VENTURA COUNTY PUBLIC SOCIAL SERVICES AGENCY,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>L.G.,<br><br>    Defendant and Appellant. | |

L.G. (Mother) appeals an order terminating her parental rights to and designating adoption as the permanent plan for her daughter, Jasmine V. (Jasmine). (Welf. & Inst. Code, § 366.26.)[1]  We affirm.

### FACTS

When Jasmine was six years old, she lived with her parents and three brothers: Antonio age ten, Ulises, age seven and three-month-old Jose.

---

[1] All statutory references are to the Welfare and Institutions Code.

Antonio had been sexually abused in Mexico when he was six years old. His parents failed to adequately recognize his subsequent emotional problems. Ulises reported that Antonio was molesting him and Jasmine. His parents accused Ulises of lying. The juvenile court removed Antonio from the home.

Shortly after Antonio was removed from the home, Mother saw an adult male roommate with Jasmine in his room. They both had their pants down. Ulises said that the roommate was trying to have intercourse with Jasmine. Prior to the incident, the roommate's adult daughter warned Jasmine's Mother that the roommate had molested her. In spite of the warning, the Mother allowed Jasmine and Ulises to watch television with the roommate in his room unsupervised. The juvenile court removed Jasmine, Ulises and Jose from the home.

The parents had two years of reunification services. Mother attempted to comply with her case plan. In spite of her efforts, neither parent progressed enough to return the children to their care. The HSA report prepared for the section 366.26 hearing concluded: "Despite the reasonable efforts provided [by] the Agency to reunify with the child and her siblings, the parents failed to demonstrate[] benefit from the services offered and failed to recognize the ramifications of sexual abuse to their children. . . . With this said, the mother continues to express that she does not know why the Agency went to the extent of removing the child and her siblings from her, despite her efforts to get the police involved."

At the time of the section 366.26 hearing, Jasmine had been in five foster placements. She suffers from anxiety, depression, sexual trauma, and her "IQ" is in the lowest two percentile. She has been with her current foster parents for over a year and they want to adopt her. The foster parents would continue Jasmine's visits with Ulises.

*Jasmine's relationship with Ulises*

Jasmine lived with Ulises until she was six years old. Ulises is very protective of his sister. Jasmine enjoys their visits together and would ask when she was going to visit Ulises. Jasmine's foster parents told a social worker that Jasmine was attached to Ulises and were willing to continue the sibling contact.

2

DISCUSSION

I.

Mother contends there is substantial evidence that terminating parental rights would interfere with the sibling relationship, and that continuing the relationship outweighs the benefit of adoption.

Adoption where possible is the permanent plan preferred by the Legislature. (*In re Autumn H.* (1994) 27 Cal.App.4th 567, 573.) Section 366.26, subdivision (c)(1)(B)(v) provides an exception to the preference for adoption as the permanent plan where the court finds termination of parental rights would be detrimental to the child because "[t]here would be substantial interference with a child's sibling relationship, taking into consideration the nature and extent of the relationship, including, but not limited to, whether the child was raised with a sibling in the same home, whether the child shared significant common experiences or has existing close and strong bonds with a sibling, and whether ongoing contact is in the child's best interest, including the child's long-term emotional interest, as compared to the benefit of legal permanence through adoption."

Mother has a "heavy burden" of proving the sibling exception applies to overcome the preference for adoption. (*In re Daniel H.* (2002) 99 Cal.App.4th 804, 813.)

Historically, courts have applied the substantial evidence standard of review. (*In re Autumn H.*, *supra*, 27 Cal.App.4th at pp. 575-576.) Recently, *In re Bailey J.* (2010) 189 Cal.App.4th 1308, 1314-1315, applied the substantial evidence standard to the trial court's determination whether a beneficial relationship exists, and the abuse of discretion standard to the court's determination whether the relationship is so important that it compels a plan other than adoption. Here we affirm under either standard.

"In viewing the evidence, we look only to the evidence supporting the prevailing party. [Citation.] We discard evidence unfavorable to the prevailing party as not having sufficient verity to be accepted by the trier of fact. [Citation.] Where the trial court or jury has drawn reasonable inferences from the evidence, we have no power to draw different inferences, even though different inferences may also be reasonable.

3

[Citation.]  The trier of fact is not required to believe even uncontradicted testimony. [Citation.]"  (*Rodney F. v. Karen M.* (1998) 61 Cal.App.4th 233, 241.)

Here there is much evidence that Jasmine and Ulises have a close bond. Undoubtedly, there will be some detriment to Jasmine if the bond is broken.  But it is not enough simply to show a detriment to Jasmine.  The detriment must be such that it overcomes the benefit of legal permanence through adoption.  (See *In re L.Y.L.* (2002) 101 Cal.App.4th 942, 947.)

Mother argues there is no substantial evidence that the benefits of adoption outweigh the importance of maintaining the sibling relationship.  The argument misses the point.  It is Mother's burden to show the sibling exception applies.  When parental rights are terminated, it is presumed that adoption is the proper permanent plan. Substantial evidence is not necessary to support a finding that the sibling relationship exception does not apply.

In any event there is more than ample evidence to support the conclusion that the benefit of adoption outweighs any detriment that may be caused by severing the sibling relationship.  Jasmine is a special needs child.  She suffers from anxiety, depression, and has an IQ in the lowest two percentile.  She has been sexually molested multiple times by two different people.  Even after mother was warned one of the persons is a child molester, she failed to protect Jasmine.  After two years of services, Jasmine's parents still fail to recognize the ramifications of sexual abuse to their children.  Mother continues to express that she does not know why HSA removed Jasmine from her care.

II.

Mother contends the trial court erred in finding that the parental relationship exception does not apply.

The Legislature has provided an exception to adoption as the permanent plan where the court finds termination of parental rights would be detrimental to the child because "[t]he parents have maintained regular visitation and contact with the child and the child would benefit from continuing the relationship."  (§ 366.26, subd. (c)(1)(B)(i).) In order to qualify for the exception, a parent must show that the beneficial relationship

4

with the child "promotes the well-being of the child to such a degree as to outweigh the well-being the child would gain in a permanent home with new, adoptive parents." (*In re Autumn H.*, *supra*, 27 Cal.App.4th at p. 575.)

Here the evidence shows that Mother has maintained regular contact with Jasmine. But the evidence also shows that the trial court did not err in concluding that maintaining the parental relationship with Mother does not outweigh the benefits of adoption. For reasons previously stated, it is clear that Jasmine is in need of a stable home where she can be protected from being sexually molested. Mother is unable to provide that.

The judgment is affirmed.

<u>NOT TO BE PUBLISHED.</u>

GILBERT, P. J.

We concur:

YEGAN, J.

PERREN, J.

5

Ellen Gay Conroy, Judge

Superior Court County of Ventura
_____


Amy Z. Tobin, under appointment by the Court of Appeal, for Defendant and Appellant.

Leroy Smith, Ventura County Counsel, Linda Stevenson, Assistant County Counsel for Plaintiff and Respondent.